UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| EDWARD KUSS, d/b/a/ THE HOCK SHOP, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 7: 04-453-DCR |
| V. | ) ) ) | |
| UNITED STATES OF AMERICA, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner, Edward Kuss, d/b/a/ The Hock Shop (Kuss), filed a petition on December 30, 2004, for review of a final decision of the United States Bureau of Alcohol, Tobacco and Firearms (ATF) revoking his license as a firearms dealer. The matter is currently pending for consideration of ATF's motion for summary judgment. [Record No. 10] After a number of extensions, Kuss filed a response on April 15, 2005.

Kuss' most recent motion for an extension of time was filed on September 16, 2005. At that time, Kuss requested that the Court delay ruling on the instant motion for summary judgment for one week, until September 23, 2005. The petitioner indicated that he needed additional time to file with the Court a transcript of his deposition and a memorandum outlining the relevance of this additional evidence. Notably, the September 23, 2005, deadline has passed and Kuss has failed to tender the transcript of his deposition or the memorandum. Thus, having previously granted a number of extensions to the Petitioner to file additional evidence in support

-1-

of his petition and the Petitioner having failed to file or tender any additional materials, the Court will proceed to review the pending motion.

Having considered the parties' arguments, the Court concludes that there are no material issues of fact in dispute. Further, having determined that ATF is entitled to judgment as a matter of law, the Respondent's motion will be granted and Kuss' claims will be dismissed.

## I.      RELEVANT FACTS

Kuss has owned and operated a pawn shop (The Hock Shop) in Prestonsburg, Kentucky since November of 1983. This business is regulated by the Gun Control Act of 1968, Title 18 United States Code, Chapter 44. The Director of ATF is authorized by the Attorney General pursuant to relevant portions of the Code of Federal Regulations to enforce the Act.[1] Relevant portions of the Act prohibit persons from dealing in firearms until he or she has filed an application and received a license from the Attorney General. Such licenses are issued for a three year period.

Kuss applied for, and was granted, a firearms license which allowed him to act as a firearms dealer, subject to certain exceptions that are not relevant to this action. In accordance with federal regulations, Kuss' business was inspected on a regular basis. Several violations were discovered during these inspections beginning in 1989. (Transcript, Volumes I and II, Gov't Ex. 5-11) Although a number of warnings were given to Kuss, an inspection in 2003 disclosed a number of additional violations and faulty record keeping violations. As a result,

---

[1]      The ATF regional official responsible for administration of the Act is the Director, Industry Operations. 27 C.F.R. § 478.11

-2-

Kuss was issued a notice of revocation of license (ATF Form 4500) on April 14, 2004.  A nine count document explaining the factual basis for the revocation accompanied this notice.

Kuss requested an administrative hearing to contest the revocation.  (Transcript, Volume I, Gov't. Ex. 2)  Pursuant to 18 U.S.C. § 923(f)(2) and 27 C.F.R. § 478.74, a hearing was held before ATF Inspector Gary L. Schuster on September 14, 2004.  Kuss was represented by counsel, Thomas F. Towles, who was permitted to cross-examine witnesses presented against Kuss.  Following the hearing, the hearing officer found that Kuss:

1.  willfully violated the approved record-keeping variance (Count 1);

2.  willfully failed to maintain a copy of the approved record keeping variance (Count 2);

3.  was aware of the requirements to obtain and record the type of information used by the non-licensee and failed to verify firearms' purchasers information on 33 occasions (Count 3);

4.  willfully failed to distribute the Youth Handgun Safety Act Notice, ATF Form I 5300.2 (Count 4);

5.  willfully failed to obtain properly completed ATF Form 4473s and to conduct FBI NICS background checks (Count 5);

6.  willfully failed to maintain ATF Form 4473s in alphabetical, chronological or numerical order (Count 6);

7.  willfully failed to obtain properly completed ATF Form 4473s in 98% of the forms reviewed (Count 7);

8   willfully failed to record the disposition of 352 firearms and failed to properly account for 28 firearms that were reported missing from inventory (Count 8); and

9.  willfully failed on seven occasions to file Form ATF Form 3310.4, Report of Multiple Sale or Other Disposition of Pistols or Revolvers (Count 9).

## II.    ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52)).

Prior to examining the particular facts of this case, the Court must resolve the nature of judicial review mandated by 18 U.S.C. 923(f)(3). The Respondent argues that, while the statue provides for *de novo* review, this statutory requirement does not require the Court conduct a hearing and receive evidence beyond that contained in the administrative record. The Petitioner, however, alleges that the Court is permitted by statute and should consider additional evidence to properly resolve the issues in this case.

Title 18 of the United States Code, Section 923(f)(3), provides in relevant part that the district court shall conduct "a de novo judicial review of [the] denial or revocation"of a license to "engage in the business of importing, manufacturing, or dealing in firearms, or importing or manufacturing ammunition." 18 U.S.C. § 923(f)(3). The statute further provides that the court "may consider any evidence submitted by the parties to the proceeding . . . [and] [i]f the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court." *Id*.

Some courts have held that the decision of the administrator may be upheld if supported by substantial evidence in the administrative record. *See McLemore v. United States Treasury Department*, 317 F. Supp. 1077 (N.D. Fla. 1970); *see e.g.*, *Lewin v. Blumenthal*, 590 F.2d 268, 269 (8th Cir. 1979). Other courts, however, have concluded that § 923(f)(3) permits the court to "consider any evidence submitted by the parties." Finding this phrase ambiguous, they have

-5-

looked to the statute's legislative history. And relying on that scant legislative history, those courts have concluded that the statute requires *de novo* review. *See, e. g., Prino v. Simon*, 606 F.2d 449, 451 (4th Cir. 1979); *Fin & Feather Sport Shop, Inc. v. United States Treasury Department*, 481 F. Supp. 800 (D. Neb. 1979); *Service Arms Co. v. United States*, 76 F.R.D. 109 (W.D. Okl. 1977); *Shyda v. Director*, 448 F. Supp. 409 (M.D. Pa.1977); *Rich v. United States*, 383 F. Supp. 797 (S.D. Ohio 1974); *Weidner v. Kennedy*, 309 F. Supp. 1018 (C.D. Cal. 1970).

This Court has recently addressed the standard of review applicable under § 923(f)(3). In doing so, it has reconciled the holdings of these two lines of cases. In *3 Bridges, Inc. v. United States*, 216 F. Supp. 2d 655 (E.D. Ky. 2002), this Court noted that the statute provides for *de novo* review. Based on this fact, the Court stated that the "administrative decision is not clothed . . . with any presumption of correctness." *Id.* (citing *Weidner v. Kennedy*, 309 F. Supp. 1018, 1019 (C.D. Cal. 1970). However, the Court further held that "summary judgment may be appropriate upon *de novo* review on the basis of the administrative record when no substantial reason to receive additional evidence is present and when material facts developed at the administrative hearing, which the court also concludes justify non-renewal, are not substantially drawn into question by the party petitioning for review." *3 Bridges*, 216 F. Supp. 2d at 657(citing *Cucchiara v. Secretary of the Treasury*, 652 F.2d 28, 30 (9th Cir.1981) (internal quotations omitted)).

In summary, 18 U.S.C. § 923(f)(3) requires district courts to undertake *de novo* review of an administrative decision to revoke a firearms license. However, that review may be confined to the administrative record or may be supplemented by the admission of additional

evidence.  In either event, although the trial court need not accord any particular weight to the administrator's findings and decision, it may, in the exercise of its discretion, accord them such weight as it finds to be appropriate.

Here, there is ample evidence in the administrative record supporting the hearing officer's determination to revoke Kuss' firearms license.  Moreover, Kuss has offered no evidence to demonstrate that this determination was erroneous.  The administrative record in this case contains considerable evidence of Kuss' repeated and consistent violations of the bookkeeping and other requirements imposed pursuant to the Act.  Furthermore, Kuss has not contested this evidence.  Instead, he merely claims that the hearing officer "erroneously, arbitrarily and without sufficient evidence" found the violations to be willful. [Record No. 1, Complaint, p. 3] He argues that these violations did not warrant revocation of his license.  Rather, he claims that the hearing officer should have imposed a lesser penalty. [Record No. 1, Complaint, p. 3]  Thus, inasmuch as there is simply no doubt that Kuss committed the alleged violations outlined by the administrator, the sole issue for the Court's review is whether Kuss' violations were willful.

In order to establish that a firearms licensee acted "willfully" as that term is used in 18 U.S.C. § 923(d)(1), the Attorney General need only prove that the "dealer underst[oo]d[] the requirements of the law, but knowingly fail[ed] to follow them or was indifferent to them." *3 Bridges*, 216 F. Supp. 2d at 657 (citing *Perri v. Department of Treasury, Bureau of Alcohol, Tobacco and Firearms*, 637 F.2d 1332, 1336 (9th Cir. 1981)).  In this case, the Court finds that there is sufficient evidence in the administrative record to support the hearing officer's finding that Kuss' violations of the GCA occurred and that they were willful.

-7-

Kuss was cited for a number of violations during the course of his twenty-two (22) years as a licensed firearms dealer.  In a 1984 inspection, he was cited for failing to enter all firearms in inventory into the acquisition and disposition record book ("A & D book").  The evidence indicates that, at that time, the inspector re-instructed Kuss on the law regarding record keeping.

In 1989, Kuss was again cited with GCA violations.  These violations included:

1.      Selling a firearm to an out of state resident;

2.      Failure to properly maintain ATF Form 4473s;

3.      Failure to maintain the A & D book;

In August 1992, Kuss was cited with another violation for failing to properly maintain the ATF Form 4473s.  Again, the evidence of record indicates that Kuss was explicitly informed of this violation and was instructed to start recording all necessary information on the forms immediately.  Subsequently, in November 1992, the ATF performed another inspection at The Hock Shop.  Again, Kuss was cited for failing to properly maintain the A & D book and ATF Form 4473s.  Kuss was given thirty (30) days to make the proper corrections.  However, when the inspector returned, Kuss had only made some of the needed corrections.

In 1995, Kuss was cited for two violations:

1.      Failure to properly maintain ATF Form 4473s;

2.      Failure to report multiple purchases on ATF Form 3310.11.

And in February 2001, Kuss was cited for three additional violations:

1.      Backup tape for computerized record was not "acceptable" because required assistance from an expert to use it;

2.      Failure to properly maintain ATF Form 4473s;

-8-

3.      Failure to report multiple purchases on ATF Form 3310.11.

As a result of these repeated violations, the ATF conducted a Warning Conference with Kuss and his wife, Rebecca Kuss, on February 26, 2001. At that time, the inspectors discussed with the couple the seriousness of the violations. Specifically, Kuss was informed that future violations could result in the revocation of his license. [Transcript, Volume II, Gov't. Ex. 14, p. 7]

In 2003, the ATF conducted a full compliance inspection at The Hock Shop. Notably, this inspection disclosed fourteen violations. A number of these violations were repeat violations cited or noted on previous inspections, including failing to properly maintain ATF Form 4473s, failing to maintain the A & D book, and failing to report multiple transactions. In the report following the 2003 inspection, the inspectors discussed the repetitive nature of these violations. Specifically, they noted that:

> Three of these repeated violations are violations that were discussed in a 2001 warning conference after the last inspection. The inspectors note, in particular, the recurrent of violations in completion of Forms 4473 in the period of time immediately following the discussion of this problem during the warning conference. The recurrence of these violations indicate an indifference to the regulatory requirements of recordkeeping. Also, although not a repeated violation, the large number of missing or unaccounted for firearms reflect a disregard for the legal and regulatory requirements for maintaining records and accountability of firearms.

[Transcript, Volume I, Gov't. Ex 5, p. 5]

In light of the forgoing, this Court finds that there is overwhelming evidence in the administrative record indicating that the GCA violations occurred. Further, the Court concludes that these violations were willful in that Kuss understood the requirements of the law but

-9-

knowingly failed to follow them or was indifferent towards them. The evidence also demonstrates a *persistent* pattern of violations even after numerous warnings from ATF inspectors. Kuss has been a firearms dealer for more than twenty (20) years, and it is apparent that he was informed and, therefore, aware of the laws relating to maintenance of the A & D book and completion of AFT 4473 Forms. Moreover, the evidence of record establishes that he was instructed on how to properly comply with the law in these areas. Furthermore, after the 2001 inspection, Kuss was informed that his failure to start complying with the regulations could result in the revocation of his firearms license. Despite these warnings, Kuss failed to bring his record keeping practice into compliance with the law.

In support of his argument that this Court should overturn the hearing officer's determination, Kuss asserts that he was not given a fair chance to defend himself at the license renewal hearing. Specifically, he notes that he was unable to attend the hearing and he argues that, if he had been able to testify, the hearing officer's findings would have been different based on the fact that he had "direct knowledge of many of the specific transactions charged as violations." [Record No. 16, p. 2] However, the Court notes that Kuss was represented by counsel at the hearing. In addition, his wife Rebecca attended the hearing on his behalf. His counsel cross-examined witnesses presented by the government and actively represented his interests at the hearing.

In addition to the matters discussed above, this Court gave Kuss more than adequate opportunity to submit additional evidence (*i.e.*, his own deposition testimony) prior to this Court reviewing the hearing officer's decision to revoke his license. However, Kuss failed to submit

such evidence despite being given an opportunity to do so by this Court.   The Court believes that his conduct in this case is part of a continuing pattern of stalling in an attempt to hold a license that should be revoked due to numerous, willful violations of the law.  Regardless, any claim regarding the sufficiency of the administrative hearing is not relevant inasmuch as this Court's decision is based primarily on Kuss' admission to repeated violations of the GCA.

### III.      CONCLUSION

For the reasons discussed above, it is hereby ordered as follows:

1.      The Respondent's Motion for Summary Judgment [Record No. 10] is **GRANTED**.

2.      The Petitioner's Motion for Extension of Time [Record No. 26] is **DENIED**, as moot.

3.      A separate Judgment will be entered this date.

This 18th day of November, 2005.



Signed By:

*Danny C. Reeves*

United States District Judge